**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

ANTONIO REGAR, *individually and on behalf*
*of others similarly situated,*

**PLAINTIFFS**,

Case No. 24 CV 192

- against –

**ANSWER TO COMPLAINT AND**
**JURY DEMAND**

WELLCARE INTERNATIONAL INC.,

**DEFENDANT.**

_____

Defendant WELLCARE INTERNATIONAL INC., by their undersigned attorney, TSAI

PLLC, answer to the Amended Complaint alleges:

1. Denies each and every allegation contained in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits

Plaintiff was formerly employed by Defendant and Defendant maintained a principal place of

business located at 1578 Sussex Tpk, Bld 3 & 4, Randolph, NJ 07869.

4. Denies each and every allegation contained in paragraph 4 of the Complaint.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9.  Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and thus denies.

13. Denies each and every allegation contained in paragraph 13 of the Complaint. except admits Plaintiff was formerly employed by Defendant at 1578 Sussex Tpk, Bld 3 & 4, Randolph, NJ 07869..

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Admits paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Admits paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint, except admits Defendant owned and operated Wellcare International Inc.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.[1]

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint, except admits Plaintiff was employed by Defendant Wellcare International Inc.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

---

[1] The numbered paragraphs in the Complaint jump from 30 to 34.

**IN ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**

54. Re-alleges each and every answer set forth in paragraph 1 through 53 as though set forth fully and at length herein.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Paragraph 57 is a restatement of the law and require no response, to the extent a response is required, denies each and every allegation contained in paragraph 57 of the Complaint.

58. Paragraph 58 is a restatement of the law and require no response, to the extent a response is required, denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. Denies each and every allegation contained in paragraph 68 of the Complaint.

69. Denies each and every allegation contained in paragraph 69 of the Complaint.

**IN ANSWER TO PLAINTIFF'S SECOND CLAIM FOR RELIEF**

70. Re-alleges each and every answer set forth in paragraph 1 through 69 as though set forth fully and at length herein.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

73. Denies each and every allegation contained in paragraph 73 of the Complaint.

### IN ANSWER TO PLAINTIFF'S THIRD CLAIM FOR RELIEF

74. Re-alleges each and every answer set forth in paragraph 1 through 73 as though set forth fully and at length herein.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

The remaining allegations in the Complaint constitute Plaintiffs' prayer for relief. Defendant denies that Plaintiffs are entitled to the relief requested, or any relief in any amount, or of any kind whatsoever in this action.

### AFFIRMATIVE DEFENSES

Defendant hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

### First Affirmative Defense

77. The Complaint and each purported claim for relief alleged herein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

78. The Fair Standard Labor Act does not apply to the Defendant because the annual gross revenue does not exceed $500,000.

## Third Affirmative Defense

79. Defendant is not an employer as defined by Fair Labor Standards Act and New Jersey Wage and Hour Law.

## Fourth Affirmative Defense

80. Plaintiffs' claims should be dismissed to the extent that they are barred by applicable statutes of limitations and/or the doctrine of laches.

## Fifth Affirmative Defense

81. Plaintiffs were paid all wages due and owed to them in compliance with Fair Labor Standards Act and New Jersey Wage and Hour Law.

## Sixth Affirmative Defense

82. At all times relevant to the Plaintiffs' claims, the Defendant acted in good faith and had reasonable grounds to believe that their actions were not violative of any federal state or local laws, rules, regulation or guidelines.

## Seventh Affirmative Defense

83. Plaintiffs are not entitled to liquidated damages because Defendant acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

## Eighth Affirmative Defense

84.  The causes of action alleged in the Complaint may not be maintained as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216, because the Plaintiffs, upon information and belief, is not similarly situated to some or all of the persons whom they purport to represent.

**Ninth Affirmative Defense**

85.  The statements and allegations contained in the Complaint fail to meet the requirements necessary to justify collective action certification or the issuance of collective action notice pursuant to 29 U.S.C. § 216 with respect to some or all of the employees alleged by the Plaintiffs to be similarly situated to them.

**Tenth Affirmative Defense**

86. Plaintiffs agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiffs should be compelled to arbitrate.

**Eleventh Affirmative Defense**

87. Plaintiffs are exempt from overtime provisions of the Fair Labor Standards Act and New Jersey Wage and Hour Law.

**Twelfth Affirmative Defense**

88. Even if Defendant failed to pay the Plaintiffs for any work performed, the uncompensated time is *de minimis* and therefore not compensable.

**Thirteenth Affirmative Defense**

89. Some, if not all, Defendant did not exert the necessary control over the compensation, hours, and other conditions of Plaintiffs, and thus Defendant is not an employer.

**Fourteenth Affirmative Defense**

90. To the extent Plaintiffs are deemed to be entitled to any relief, Defendant is entitled to an offset from such relief for any overpayment of wages it provided for work never actually performed, any damages incurred by such individual's acts or omissions, inadvertent overpayment for hours worked, plus payment in connection with any release of claims.

**Fifteenth Affirmative Defense**

91. To the extent Plaintiffs are deemed to be entitled to any relief, Defendant is entitled to an offset based on the paid meal period and/or other paid break time which the Plaintiffs performed no work.

**Sixteenth Affirmative Defense**

92. Plaintiffs have not exhausted all administrative remedies.

**Seventeenth Affirmative Defense**

93. Defendant complied with all applicable statutes and regulations.

**Eighteenth Affirmative Defense**

94. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New Jersey State Department of Labor and Workforce Development, Defendant cannot be liable for relief or recovery. This or other statutory affirmative defense may apply to the claim of some or all of the class of alleged similarly-situated person.

**Nineteenth Affirmative Defense**

95. Plaintiff has failed to and cannot satisfy the requirement for the maintenance of a class action, including, and without limitation, numerosity, commonality, typicality, and adequacy (of both the proposed class representative and proposed class counsel), or the prongs of predominance or superiority, and public policy considerations do not favor such a certification.

**Twentieth Affirmative Defense**

96. Plaintiff cannot proceed as a class or a collective action to the extent Plaintiff lacks standing to represent the alleged similarly-situated individuals.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to seek leave of Court to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant hereby respectfully demand judgment dismissing the Complaint in its entirety, together with costs, disbursements, and reasonable attorney's fees incurred in the defense of this action, and that the Defendant have such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendant demands trial

by jury in this action of all issues so triable.


Dated:  New York, New York
April 22, 2024


/s/        Joey Tsai
Joey Tsai
Attorney for Defendant
Tsai PLLC
535 Fifth Avenue
Fourth Floor
New York, NY 10017
T. 646-829-9001
F. 646-829-9002
E. jtsai@tsaipllc.com